# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERNEST PUGH, ET AL,** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-14766** |
| **BANK OF AMERICA** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court are Plaintiffs' Motion for Default Judgment (Doc. 7) and Motion for Cease and Desist Order (Doc. 14) and Defendant's Motion to Set Aside Default and Motion to Dismiss (Doc. 11). For the following reasons, Plaintiffs' Motions are **DENIED,** and Defendant's Motion is **GRANTED**.

## BACKGROUND

In the instant action, Plaintiffs Ernest and Linda Pugh seek damages in the amount of $10,000,000 against Defendant Bank of America. Though the factual predicate of this claim is not entirely clear from the Complaint, it appears to center on a dispute concerning a mortgage on 2232 Oakmere Dr. in Harvey, Louisiana. Plaintiffs filed a Motion for Entry of Default as to Bank of

1

America, averring that Bank of America has failed to answer despite being properly served. Accordingly, the clerk entered preliminary default against Defendant. Plaintiffs then filed the instant Motion for Default Judgment. Defendant has responded with a motion of its own, arguing that the default should be set aside and the case dismissed because it has not been properly served. Alternatively, it moves for dismissal under Rule 12(b)(6). In response, Plaintiffs filed a Motion for Cease and Desist Order.

**LEGAL STANDARD**

**I. Motion to Dismiss for Improper Service**

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner."[1] "In the absence of valid service of process, proceedings against a party are void."[2] The party responsible for serving has the burden of showing that service was valid in the face of a 12(b)(5) challenge.[3]

Rule 4(m) provides in part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[4]

---

[1] *Wallace v. St. Charles Parish Sch. Bd.*, 2005 WL 1155770, at *1 (E.D. La. 2005).
[2] *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).
[3] *Signs Supplies v. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).
[4] Fed. R. Civ. P. 4(m).

Thus, a Court faced with a defendant's Rule 12(b)(5) motion to dismiss for failure to timely serve must undertake a two part inquiry.[5] First, the Court must determine if the plaintiff can show "good cause" for its failure to timely serve. If good cause exists, the Court is required to extend the 90 day period for service of process.[6] "If good cause does not exist, the Court may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service."[7] "The district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process."[8]

## LAW AND ANALYSIS

The key issue presented in these Motions is whether service has been properly made on Defendant. If not, the default must be set aside, Plaintiffs' Motion for Default Judgment must be denied, and the matter may be subject to dismissal. Accordingly, the Court first considers the propriety of service.

Defendant argues that it has never been properly served in this matter. Service on corporate entities is governed by Federal Rule of Civil Procedure 4(h), which provides, in pertinent part, as follows:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

---

[5] *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).
[6] *Id.*
[7] *Id.*
[8] *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant;

Federal Rule of Civil Procedure 4(e)(1), which governs service on individuals, provides:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;

Plaintiffs have attempted service by sending a copy of the summons by certified mail to Defendant at an unidentified address in Colorado. Plaintiffs have, however, failed to point the Court to any authority allowing them to effect service in this manner. Service may be properly made (1) following the state law of Louisiana, as that is where the district court is located, (2) following the state law of Colorado, as that is where service was attempted, or (3) by delivering a copy of the summons and the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. None of these methods allow for service by certified mail in the instant case.

Under Louisiana law, if a bank designates a corporate agent for the service of process, service can only be effected by personal service on that

4

agent.[9] Defendant's registered agent for service of process is CT Corporation System, who has not been personally served in this matter. Under Colorado law, service may only be made by certified mail after a party has attempted personal service.[10] Plaintiff does not aver that personal service was attempted. Accordingly, service is likewise improper under Rule 4(h)(1)(B), as it also requires personal service, not service by mail.[11] For these reasons, Plaintiffs have failed to carry their burden of demonstrating proper service.

Having found service to be improper, the Court must vacate the default previously entered by the clerk.[12] Additionally, no grounds for a default judgment exist and Plaintiffs' motion for the same must be denied. The Court likewise finds that the instant suit should be dismissed for failure to effect proper service. This case was filed on September 16, 2016. Despite ample opportunity, Plaintiffs have failed to properly effect service and have not offered any cause for this failure. Accordingly, Plaintiffs' claims are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Set Aside Default and Motion to Dismiss is **GRANTED,** and Plaintiff's Motion for Default Judgment is **DENIED**. Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' Motion for Cease and Desist Order is **DENIED AS MOOT**.

---

[9] La. Rev. Stat. 6:285(C).
[10] Colo. R. Civ. Pro. 4(f).
[11] *Wesenberg v. New Orleans Airport Motel Assocs. TRS, LLC,* No. CIV.A. 14-1632, 2015 WL 5599012, at *2 (E.D. La. Sept. 22, 2015).
[12] *See Rogers v. Hartford Life & Acc. Ins. Co.,* 167 F.3d 933, 940 (5th Cir. 1999).

New Orleans, Louisiana this 21st day of April, 2017.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**